## GRIFFEN v. EDELMAN.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. FRAUDS, STATUTE OF (§ 106*)—MEMORANDUM—PROMISE TO SECURE CREDIT.
   A memorandum to the effect that the defendant would guarantee payment of all bills as they might become due for goods bought by a certain person of the plaintiff, not to exceed in amount the sum of $500, during one year from its date, and that when $500 was owing he was to be notified, signed by defendant, is a sufficient memorandum under the statute of frauds.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 210, 211; Dec. Dig. § 106.*]

2. GUARANTY (§ 1*)—REQUISITES—MUTUALITY.
   A guaranty to plaintiff of the payment of all bills as they might become due for goods that defendant's brother should buy, in a sum not to exceed $500, during one year from date, and requiring that, when the principal owed $500, the guarantor was to be notified, and would then notify the promisee whether he was willing to increase the guaranty, is mutual in its obligations, and enforceable.

   [Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 1.*]

3. GUARANTY (§ 36*)—DISCHARGE—PART PAYMENT BY GUARANTOR.
   Where defendant guarantees payment for goods bought by another during one year, not to exceed $500, payment by defendant of the sum of $150 on account of his guaranty reduced his obligation thereunder pro tanto.

   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

4. GUARANTY (§ 91*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
   Evidence in an action on a guaranty for goods bought by another up to a certain amount and within a year *held* insufficient to sustain a judgment against the guarantor.

   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 104; Dec. Dig. § 91.*]

Appeal from Trial Term, New York County.

Action by Benjamin Griffen against Abraham Alexander Edelman. From a judgment entered on the verdict of a jury, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, LAUGHLIN, and MILLER, JJ.

Charles J. Belfer, for appellant.
Moses Cohen, for respondent.

MILLER, J. This action was brought on the following guaranty, viz.:

"New York, Dec. 24, 1908.

"I hereby guarantee the payment of all bills as they may come due for goods that my brother, Meyer Edelman, may buy of Benjamin Griffen of this city.

"This guaranty shall not exceed in amount the sum of *$500 of unpaid bills which he may buy during one year from date.* When Meyer Edelman shall owe Benjamin Griffen the sum of $500, I am to be notified, and I will then notify Benjamin Griffen if I am willing to increase the guaranty.

"A. A. Edelman."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is undisputed that on February 8, 1909, the defendant paid the plaintiff on account of said guaranty the sum of $150.81.

[1, 2] We are not impressed by the argument in support of the contention that the memorandum is insufficient to satisfy the statute of frauds, and that the contract is unenforceable for want of mutuality. However, the appellant does call attention to two serious errors in the case.

[3] There can be no doubt that the defendant's guaranty was limited to the sum of $500 for goods purchased within one year from its date. Of course, the guaranty was continuous, in the sense that it was not limited to the first bill of goods ordered. It was, however, limited in time to goods purchased within one year, and in amount to the sum of $500. The payment by the defendant of the sum of $150.-81 on account of his guaranty reduced his obligation thereunder pro tanto.

[4] We would be able to modify the judgment, and to affirm it for the balance of the recovery, were it not for a defect in the proof as to the amount and value of the goods purchased by the said Meyer Edelman. The latter, who was not on speaking terms with the defendant, was called as a witness by the plaintiff, and was permitted, over objection and exception, to state that he had purchased $531.77 worth of merchandise from the plaintiff. The plaintiff claimed that that was the sum unpaid after deducting the payment of $150.81, made by the defendant. The witness was then permitted to state, over proper objection and exception, that he then owed the plaintiff the sum of $531.77 for goods purchased, and that testimony constitutes all of the proof in the case on the amount of purchases made by Meyer Edelman, except certain signed slips, which were evidently delivered to the plaintiff by him or some of his employés, whenever goods were obtained. But those slips fail to show the quantity or purchase price of the goods. A guarantor is at least entitled to insist that the amount of his principal's indebtedness be established by competent evidence, and that was not done in this case.

Wherefore the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.